UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14-CV-743-TBR

MARGARET WILSON, individually
and on behalf of a Class of persons
similarly situated,                                                                                                    PLAINTIFF

v.

ANTHEM HEALTH PLANS OF
KENTUCKY, INC.,                                                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Margaret Wilson's Motion for Approval of Proposed Plan for Notice of Class Pendency. [DN 48.] Defendant Anthem Health Plans of Kentucky, Inc. ("Anthem") responded. [DN 49.] Wilson replied. [DN 50.] For the reasons stated herein, Wilson's motion is **GRANTED IN PART** consistent with the explanation set forth below. However, because the parties have since agreed upon additional changes to the Proposed Notice as identified in Anthem's response [DN 49], the Court directs Wilson to file, **within seven (7) days** of the entry of this Order, an updated Proposed Notice incorporating the proposed class website and the parties' agreed-upon changes consistent with this Memorandum Opinion. Once the Court has had an opportunity to review the updated notice, the Court will direct dissemination thereof consistent with Rule 23.

BACKGROUND

Wilson brings this action against Anthem alleging that Anthem is violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq*. ("ERISA") and the Mental Health Parity and Addiction Equity Act of 2008 (MHPAEA), 42 U.S.C.A. § 300gg-26 by

restricting its coverage for Applied Behavioral Analysis, a treatment for Autism Spectrum Disorders. [DN 1.] On January 4, 2017, the Court certified the following class of individuals under Federal Rule of Civil Procedure 23(b)(3):

> All persons who are or have been insureds, participants in, or beneficiaries of a health insurance policy issued or administered by Anthem Health Plans of Kentucky, Inc., which contains dollar or hour limits on the provision of treatment for Autism Spectrum Disorders and who have made a claim for, and have been denied coverage or reimbursement for Applied Behavior Analysis treatment for Autism Spectrum Disorders on the grounds that the policy's dollar or hour limits had been exceeded.

[DN 47 (Memorandum Opinion and Order Granting Plaintiff's Motion to Certify Class).] The Court then directed Wilson to submit for the Court's approval a proposed notice for notifying class members of the instant action in accordance with the requirements of Rule 23(c)(2)(B).

STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) outlines the notice requirements for class actions certified pursuant to Rule 23(b)(3). Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) provides that "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* The notice must "be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Rule 23 specifically requires that:

> The notice must clearly and concisely state in plain, easily understood language:
>
> **(i)** the nature of the action;
>
> **(ii)** the definition of the class certified;

2

    **(iii)** the class claims, issues, or defenses;

    **(iv)** that a class member may enter an appearance through an attorney if the member so desires;

    **(v)** that the court will exclude from the class any member who requests exclusion;

    **(vi)** the time and manner for requesting exclusion; and

    **(vii)** the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.* "The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *Fidel v. Farley*, 534 F.3d 508, 515 (6th Cir. 2008) (quoting *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005)). "Rule 23 'accords a wide discretion to the District Court as to the form and content of the notice.'" *In re Gen. Tire & Rubber Co.*, 726 F.2d at 1086 (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1350–51 (9th Cir. 1980)).

DISCUSSION

### A. Language Agreed-Upon by the Parties

The parties substantially agree on the proposed language to be used in the notice in this case. In Anthem's response to Wilson's motion for approval of its Proposed Notice, Anthem indicated that, since the filing of Wilson's motion, the parties have since agreed to additional changes thereto. [DN 49 at 1.] Anthem attached to its response a Revised Notice reflecting those changes. [DN 49-1.] These changes appear to include minor revisions to the phrasing and structure of some of Wilson's chosen language, the deletion of a paragraph, the addition of the timeframe of the relevant class period (from November 10, 2009 to the present), and an extension of the opt-out period in which class members may request to be excluded from the class. [*Id.* at 2–6.] For instance, though Wilson originally proposed a 75-day opt-out deadline, Anthem states in its response that the parties have since agreed to a 105-day period. [DN 49 at

3

3.] In her reply, Wilson did not dispute that any of these changes have been mutually agreed upon. [*See* DN 50.]

    B. **Use of a Class Website**

The only change Anthem made in its Revised Notice that is disputed among the parties is the elimination of Wilson's proposed class website. [DN 49 at 1; DN 49-1 at 6.] Specifically, in Wilson's motion for approval of the Proposed Notice, she states that the Proposed Notice contemplates both direct mail and online Notice. [DN 48 at 3.] Wilson explains that a website specifically dedicated to this class action will be created and will include the notice and other "documents aimed to assist the Class Members [in] further understand[ing] the action including, the Complaint and the Court's certification Order." [*Id.* at 4.] And "[i]n the future, the available documents would include scheduling orders or briefing on significant issues in the case." [DN 50 at 1.]

In its response, Anthem argues that a class website is unnecessary because the class size is relatively small and because "Plaintiff's counsel's [website] proposal forces members of the Class to engage in a monitoring process to stay apprised of the status of the case" and that material posted online is at risk for being distorted. [DN 49 at 2–3 (citing *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 630 (D. Colo. 2002) (refusing to approve notice by electronic mail and over the Internet)).] Anthem alternatively argues that, should the Court find a website appropriate, it should be password-protected to prevent "dissemination and distortion" issues. [*Id.* at 3 (citing *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 4468678, at *2 (N.D. Cal. Dec. 17, 2007) ("[A]ccess to the website shall be restricted by requiring class members to enter a unique, individual password in order to access the website.").]

In her reply, Wilson clarifies that, contrary to Anthem's argument, "the proposed website is a *supplement* to the Rule 23(c)(2)(B) notice which is a direct mail, printed notice. Plaintiff is *not* proposing that the primary form of notice be through the internet or through electronic mail." [DN 50 at 1.] Rather, according to Wilson, a website would "simply allow[] Class members to gather relevant information immediately and at their convenience through methods which are now part of everyday life." [*Id.* at 1–2.] Wilson further argues that a password-protected website is unnecessary and that it is unclear how such login credentials would be created and enforced. [*Id.* at 2.]

Moreover, Wilson points out that numerous courts and commentators have approved of the use of websites in class action litigation. For instance, the Manual For Complex Litigation provides that

> [p]osting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases. An advantage of Internet notice is that follow-up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs.

*Manual for Complex Litigation* § 21.311 (4th ed. 2016).

Several courts have also approved the use of websites to provide notice of the pendency of class actions and of class settlements. *See Tennille v. W. Union Co.*, 785 F.3d 422, 437 (10th Cir. 2015), *cert. denied sub nom. Dorsey v. Tennille*, 136 S. Ct. 835 (2016), and *cert. denied sub nom. Nelson v. Tennille*, 136 S. Ct. 835 (2016) ("[T]he notice informed putative class members how to obtain more information about the settlement, directing them to the class settlement

website, where they could get a copy of the Settlement Agreement . . . ."); *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 677 (7th Cir. 2013) ("The notice proposed by class counsel consists of sticker notices on [defendant's] two ATMs and publication of a notice in the principal Indianapolis newspaper and on a website."); *In re Packaged Ice Antitrust Litig.*, No. 08-MDL-01952, 2011 WL 6209188, at *5 (E.D. Mich. Dec. 13, 2011) ("[T]he Notice explained the litigation and the terms of the Settlement Agreement in detail and also provided the Class Members access to the relevant documents, i.e. the Settlement Agreement and the Complaint, via the Kohn Swift website."); *In re Processed Egg Prod. Antitrust Litig.*, 302 F.R.D. 339, 345 (E.D. Pa. 2014) ("Notice of the Cal–Maine Settlement was disseminated to possible members of the Settlement Class through a variety of means, including direct mailings, publications, press releases, a website, and a toll-free information and request telephone line."; *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, 254 F.R.D. 294, 300 (W.D. Tex. 2008) ("Publication of notice through such websites appears appropriate and effective. Although Defendant complains that, many non-class member retirees and employees may view the notice and become confused, this is the case with all forms of publication notice.").

      While it may be true, as Anthem points out, that "[w]hen the names and addresses of most class members are known, notice by mail usually is preferred," the Court is nonetheless persuaded that a website in this case will be "a useful *supplement* to individual [mailed] notice." *Manual for Complex Litigation* § 21.311, *supra* (emphasis added). As Wilson states in her reply, she does not intend for internet notice to *replace* notice by direct mail, but rather to provide a supplement to notice by direct mail. Moreover, though Anthem argues that the class size in this case is relatively small and therefore that "Plaintiff's counsel can simply send copies of whatever pleadings he deems relevant directly to the class members by mail," the Court agrees with

Anthem that providing additional information on a website dedicated to the instant suit "may be a particularly cost-effective means to provide current information in a rapidly evolving situation." *Id.* Finally, the Court is not persuaded that a class website must be password-protected. Though Anthem cited to one 2007 case in which the court required the use of passwords, *Krzesniak*, 2007 WL 4468678, at *2, that case is not binding here and this Court sees no reason why passwords are necessary or beneficial in this case. Accordingly, the Court will allow for the use of a website dedicated to this class action in addition to notice by direct mail.

### C. Reports

Wilson further proposes the filing of reports with the Court 1) within forty-five days of the Court's approval of the Proposed Notice updating the Court as to Wilson's efforts in mailing notice to class members and 2) within fourteen days of the opt-out deadline to notify the Court of any individuals who have opted out of the class. Anthem has not opposed this suggestion, and the Court agrees that such updates are appropriate.

### D. The Requirements of Rule 23(c)(2)(B)

Wilson's Proposed Notice, including the creation of a class website, in addition to the agreed-upon changes included in Anthem's Revised Notice, satisfy Rule 23(c)(2)(B)'s requirements. The notice 1) explains the nature of the class action, 2) provides the class definition as certified by the Court, 3) identifies the claims alleged in the class action complaint and Anthem's defense denying all wrongdoing, 4) states that class members have the option of hiring their own attorney to appear in Court for them if they choose, 5) explains that all class members have the option of being excluded from the class, 6) provides the time and manner in which class members must request exclusion, and 7) notifies class members of the binding effect of a class judgment on all members who do not request exclusion from the class pursuant to Rule

23(c)(3). *See* Fed. R. Civ. P. 23(c)(2)(B)(i)–(vii); [DN 48-1; 49-1.] The proposed plan further provides that notice will be sent by direct mail to the addresses of class members as maintained by Anthem and will be posted online on a class website. Taken together, the Court is satisfied that Wilson's Proposed Notice, along with Anthem's revisions, constitute "the best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and the Court will approve this notice.

## CONCLUSION

For the reasons stated herein, Wilson's motion [DN 48] is **GRANTED IN PART.** Plaintiff is directed, within **seven (7) days** of the entry of this Memorandum Opinion and Order, to file an updated Proposed Notice including Plaintiff's proposed class website and incorporating the parties' agreed-upon revisions as identified in Defendant's response. The Court will then review the updated version and, provided that it is consistent with this Memorandum Opinion, issue an order directing Plaintiff to disseminate the notice to class members.

**IT IS SO ORDERED**.


cc:   counsel