UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MARGARET WILSON, individually and on behalf of a Class of persons similarly situated, | Plaintiffs |
| v. | Civil Action No. 3:14-cv-743 |
| ANTHEM HEALTH PLANS OF KENTUCKY, INC. | Defendant |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Margaret Wilson ("Wilson") brings this action against Defendant Anthem Health Plans of Kentucky ("Anthem") seeking relief for alleged violations of Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et seq*. ("ERISA") and the Mental Health Parity and Addiction Equity Act of 2008, 42 U.S.C.A. § 300gg-26 ("MHPAEA"). [DE 1 at 1]. Before the Court is Wilson's unopposed Motion for Preliminary Approval of Class Settlement, Approval of Notice to the Class, and Scheduling Final Fairness Hearing ("Motion"). [DE 76]. The matter is ripe. For the reasons below, the Court **GRANTS LEAVE TO SUPPLEMENT THE MOTION.**

### I. BACKGROUND

Wilson is the mother and legal guardian of M.W., a minor child with Autism Spectrum Disorder ("ASD"). [DE 1 at 2]. According to Wilson's complaint, "Autism cannot be cured, but it can be treated" and Applied Behavior Analysis ("ABA") is the "most common and recognized method" of treatment. *Id*. at 3. Wilson and her son are insured by Anthem. *Id*. at 2.

M.W. enrolled in the Highlands Center for Autism to receive ABA treatment. *Id*. at 10. Wilson submitted claims to Anthem "seeking coverage for the cost" of M.W.'s treatment. *Id*. at

1

11. Anthem "paid small amounts of some claims" but, because of coverage limitations, did not reimburse most of the treatment costs. Wilson has continued to seek treatment for M.W.'s ASD but claims that "Anthem has continued to impose coverage limitations on it." *Id*. at 11. Wilson has spent "tens of thousands of dollars in unreimbursed expenses for the medically necessary care" of M.W. *Id*.

In 2014, Wilson filed a Class Action Complaint, arguing that Anthem violated ERISA and MHPAEA by "routinely impos[ing] caps and limits on benefits under its health insurance policies for insureds seeking treatment for Autism Spectrum Disorders." *Id*. at 1. Because of Anthem's allegedly unlawful practices, Wilson sought relief for herself and on behalf of a class of similarly situated individuals.

In January, 2017, the Court certified the class[1] requested by Wilson and named Robert R. Sparks and Strauss Troy Co., L.P.A., as class counsel. [DE 47 at 3157].

In August, 2018, the parties, negotiated a Class Action Settlement Agreement (the "Settlement") with the assistance of Magistrate Judge King. The compensatory terms of the Settlement are as follows:

> On behalf of the class members involved in this action, Anthem has agreed to create a fund totaling $300,000. No part of this fund reverts to Anthem. The settlement fund is to be used to provide settlement to Class Members and pay attorney fees, costs, and incentive awards approved by the Court.
>
> The Net Settlement Fund will be distributed to Class Members. That fund is expected to total $175,000. Class Members who had claims denied by Anthem using the denial reason description "Benefit Maximum Met" or "Units exceed a utilization management authorization" shall receive a pro rata share of the Net

---

[1] The Court defined the class as: "All persons who are or have been insureds, participants in, or beneficiaries of a health insurance policy issued or administered by Anthem Health Plans of Kentucky, Inc., which contains dollar or hour limits on the provision of treatment for Autism Spectrum Disorders and who have made a claim for, and have been denied coverage or reimbursement for Applied Behavior Analysis treatment for Autism Spectrum Disorders on the grounds that the policy's dollar or hour limits had been exceeded." [DE 47 at 3155].

Settlement Fund or a minimum payment of $250.00, whichever is greater. All other Class Members shall receive $250.00.

Margaret Wilson, the Class Representative, will seek an award of $10,000. Class Counsel has agreed to apply to the Court for approval of attorneys (sic) fees and costs, which will not exceed $115,000.00. Anthem has agreed not to oppose a fee application which is in accord with the above referenced procedure. The comprehensive settlement agreement is attached and incorporated herein as Exhibit "A".

Any funds remaining from uncashed settlement checks after 120 days following payments to Class Members shall be disbursed as a *cy pres* award to Families for the Effective Treatment of Autism (FEAT) of Louisville.

[DE 76-1 at 3266].

On March 13, 2019, Wilson filed her Motion [DE 76], attaching a Settlement Agreement [DE 76-2], a Notice of Class Action Settlement (the "Notice") [DE 76-2], and an Order Preliminarily Approving the Class Action Settlement Agreement, Scheduling Final Approval Hearing, and Directing Notice to Class [DE 76-3].

## II.  STANDARD

Class action suits may be settled only with the court's approval. Fed. R. Civ. P. 23(e). Approval of a class action settlement involves a two-stage process: 1) "The judge reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing"; and 2) "If so, the final decision on approval is made after the hearing." *Ann. Manual Complex Lit*. (Fourth) § 13.14 (2019); *see also Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (referencing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565–66 (6th Cir. 2001)).

In a class-action settlement, the defendant is concerned with its total liability, not with the allocation between the class payment and attorneys' fees. *See Strong v. Bell South Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998); *see also In re Gen. Motors Corp. Pick–Up Truck Fuel*

3

*Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 (3d Cir.1995). Thus, "the adversarial process . . . extends only to the amount the defendant will pay, not the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717–18 (6th Cir. 2013). "Hence—unlike in virtually every other kind of case—in class-action settlements the district court cannot rely on the adversarial process to protect the interests of the persons most affected by the litigation—namely, the class." *Id*. Instead, the law depends on the class representatives and, especially, class counsel, to protect those interests. *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011). As a result, when determining whether to approve a proposed settlement, the Court must carefully scrutinize whether those fiduciary obligations have been met.

To approve a proposed settlement, the court must determine whether it is "fair, reasonable, and adequate." *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016). Federal Rule of Civil Procedure 23(e) provides the court with factors to consider when making this determination. The Advisory Committee, in amending Rule 23(e) in 2018, did not intend to displace factors developed by the circuit courts in deciding whether to approve a proposed settlement agreement, but rather to "focus the court . . . on the core concerns . . . that should guide" the court's determination. Federal R. Civ. P. 23(e) advisory committee's note to 2018 amendment. This Court thus considers both the Rule 23(e) factors and the factors set forth by the Sixth Circuit. *Peck v. Air Evac EMS, Inc.*, No. CV 5: 18-615-DCR, 2019 WL 3219150, at *5 (E.D. Ky. July 17, 2019). However, because the parties have failed to satisfy all the Rule 23(e) factors, the Court will not address the Sixth Circuit factors at this time.

## III. DISCUSSION

**A. Whether the Settlement is Not "Fair, Reasonable, and Adequate" under Rule 23 (e)(2)**

The Court needs more information to determine whether the Settlement is "fair, reasonable, and adequate" and meets the because the requirements of Rule 23(e)(2)(C) and 23(e)(2)(D). Notice to the class members is thus not appropriate at this time. Fed. R. Civ. P. 23(e)(1)(B). Under Rule 23(e)(2), a settlement is "fair, reasonable, and adequate" if:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>   (i) the costs, risks, and delay of trial and appeal;
>   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Here, based on the parties' insufficient showing in the Motion, the Court cannot find, under 23(e)(2)(C), that the relief provided for the class is adequate. The Court cannot determine whether the $175,000 in the net settlement fund wholly or partially compensates the class because, it is unclear how much money members of the class spent on ABA treatment. Without this information, the Court cannot determine whether the net settlement fund is adequate.

Additionally, the parties have not established, under 23(e)(2)(D), that the Settlement treats class members equitably. The net settlement fund of $175,000 will be allocated on a *pro rata* share or a minimum payment of $250.00 to all class members whose claims Anthem denied with the denial reason description "Benefit Maximum Met" or "Units exceed a utilization management

authorization"; all other class members will receive $250.00. [DE 76-2 at 3280]. It is unclear why some class members receive a *pro rata* share or a minimum payment of $250.00 and why others receive only $250.00. The parties have not yet provided information to make that determination.

Given these issues, the Court will grant the Plaintiff leave to supplement this Motion with the requested information.

## IV. CONCLUSION

For these reasons, and being otherwise sufficiently advised, the Court **ORDERS** that Plaintiff is granted leave to supplement the Motion for Preliminary Approval of Class Settlement, Approval of Notice to the Class, and Scheduling Final Fairness Hearing [DE 76] by no later than September 30, 2019.

**IT IS FURTHER ORDERED** the Motion for Preliminary Approval of Class Settlement, Approval of Notice to the Class, and Scheduling Final Fairness Hearing [DE 76] is ADMINISTRATIVELY REMANDED pending supplementation.

Cc: Counsel of record