UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARGARET WILSON,                                                               Plaintiffs
individually and on behalf of a Class of persons
similarly situated,

v.                                         Civil Action No. 3:14-cv-743

ANTHEM HEALTH PLANS OF                              Defendant
KENTUCKY, INC.

\* \* \* \* \*

## ORDER

This matter is before the Court on Plaintiff's unopposed Motion for Final Approval of Class Settlement, Report to Court on Opt Outs, and For Approval of Attorneys' Fees and Settlement Class Representative's Incentive Award ("Motion") [DE 84] and the pertinent materials filed after that motion. [DE 87; DE 88]. The Court preliminarily approved the settlement agreement that is the subject of the Motion ("Agreement") by order entered December 18, 2019 ("Preliminary Approval Order"). [DE 83]. A copy of the Agreement has been filed as Exhibit A to the Plaintiff's unopposed Motion for Preliminary Approval of Class Settlement, Approval of Notice to the Class, and Scheduling a Final Fairness Hearing [DE 76] and is incorporated in this Order by reference.

On April 27, 2020, the Court telephonically conducted a final fairness hearing ("Fairness Hearing") to consider the fairness of the Class Settlement Agreement, hear any objections, and determine whether to grant final approval. No Class Members attended, and no objections have been filed, submitted to the attorneys, or received by the Court. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good cause shown, and as detailed below, Plaintiff's Motion [DE 84] is **GRANTED**. The Court **ORDERS** as follows:

1

1. The Court incorporates in this final order and judgment by reference all of the legal and factual allegations and conclusions contained in the Class Action Settlement Agreement and Release.

2. The Court finds that the proposed Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Class Action Settlement Agreement and Release satisfies the prerequisites of Fed. R. Civ. P. 23 because: (i) the class is so numerous that joinder of all members is impractical, (ii) there are common questions of law or fact, (iii) the defendants' defenses are typical of the claims or defenses of other members of the class, (iv) and the representative parties and class counsel will fairly and adequately protect the interests of the class.

3. The Court approves the Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class that was reached by the parties after extensive discovery and intensive arm's-length negotiations with the assistance of Magistrate Judge King. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class. It achieves a definite and certain result for the benefit of the Rule 23 Class that is preferable to continuing litigation in which the Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the class in accordance with the terms of the Agreement ("Opt-Outs").

4. The Court approves of the Gross Settlement Fund of $300,000 and the attorneys' fees of $115,000. The Court finds that, under both the Rule 23(e)(2) and Sixth Circuit factors, the Settlement is "fair, reasonable, and adequate." Likewise, the Court finds that—under both the

lodestar method and percentage-of-fund method—$115,000 is a reasonable amount for attorneys' fees.  Mr. Sparks is a partner at his law firm in Cincinnati, and $250 per hour is a reasonable hourly rate for someone at his level and in that market.  Mr. Sparks' law firm spent 811 hours on this case.  Under the percentage-of-fund method, $115,000 is 38% of the Gross Settlement Fund.  Although on the high-end of what courts in our circuit accept, when cross-checked against the lodestar amount (over $200k), it is reasonable.

     5. The Court determines that the notice materials [DE 76-2] were given as required by the Preliminary Approval Order.  The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing. The Court finds that the notice materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.  By Declaration of Robert Sparks [DE 84-2], the Court has been informed that the Settlement Notice was mailed by U.S. first class mail to the 47 identified Class Members.  *Id.* at 3364.  Of those 47 mailings, three notices were returned.  *Id.*  But, after additional research, Mr. Sparks' re-mailed the notices to those three class members and none of them were returned.  *Id.*  Mr. Sparks also created "a dedicated web page for this settlement ([www.wilsonclassaction.com)](www.wilsonclassaction.com))." *Id.*  Accordingly, all of the Class Members presumably received the Notice Packet.  One Class Member has opted out, and none have filed objections.

     6. The Court approves the incentive award of $10,000.  District courts in the Sixth Circuit have considered these factors in determining whether to approve incentive awards for class representatives: 1) the action taken by the Class Representatives to protect the interests of Class Members and others and whether these actions resulted in a substantial benefit to Class members;

(2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the class Representatives in pursuing the litigation. *Dick v. Sprint Commc'ns Co. L.P.,* 297 F.R.D. 283, 301 (W.D. Ky. 2014) (citing *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 250 (S.D.Ohio 1991)). During the Fairness Hearing, Mr. Sparks informed the Court that, for the last five years, Ms. Wilson has been extensively involved in the case. She was deposed, participated in the mediation, and has been in regular communication with Mr. Sparks. From Mr. Sparks' perspective, Ms. Wilson filed this lawsuit, not for her own personal gain, but to help parents with autistic children. Ms. Wilson could have sued only on her behalf. If he had, she likely would have recovered a settlement sooner. And perhaps may have recovered more than she is under the Class Settlement. Under these circumstances and the factors considered by district courts in the Sixth Circuit, the Court finds that a $10,000 incentive award is appropriate.

7. The Court adopts as final, by reference the time sequence in the Class Action Settlement Agreement and Release [DE 76-2 at 3279].

8. The Court finds and concludes that the notice provided by Defendants to the appropriate state and federal officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, satisfied the requirements of that statute.

Cc:     Counsel of record